Chief Justice Robertson,
delivered the opinion of the court.
Joiirt Brazelton having leased from Robert Prewit, a farm, for a term of years, at the price of $‘115 a year, assigned a remnant of the term, (three years,) to Joseph II. Daviess. Brazelton and Daviess occupied the tenement, one year, as tenants in common. Daviess paid the whole rent, and claimed from Brazelton, in consequence of an alleged agreement, a, proportion of the rent for the year of common occupancy. Brazelton refusing to pay any thing, and insisting that, by his contract of assignment, he was entitled to the use which he had enjoyed, agreed with Daviess to submit the matter to arbitration.
Brazelton having afterwards--removed to another farm, and having determined to leave the state, sold his property at auction. Daviess attended the sale, and purchased property to the amount of about $>50, for which he gave his note, payable in nine months; which was assigned to Caldwell, and by him to the defendant, Newton. After the assignments, Brazelton removed to Indiana; and Newton having obtained a judgment against Daviess, on the note, this suit in chancery was instituted for injoining the judgment, and setting off the amount which Daviess claimed against Brazelton for use and occupation, and which had never been ascertained by award.
PJquiticá arising between obligor and assignor after assignment) cannot avail qgainst assignee,
Cunningham, for plaintiff; Hastcin, for defendant.
The bill alleges that Brazelton had removed from the state, and had become insolvent. It does not, however, suggest ¿hat he was insolvent at the date of the assign^ ment to Caldwell, nor in ámate that there was any relation or connexion, by agreement or otherwise, between the note and the claim for rent; but alleges that Brazelton’s removal to Indiana was after the assignment.
Brazelton, Caldwell and Newton, all answered the bill, and all denied its most material allegations. Brazelton having afterwards died, Daviess tiled a bill of revivor against his representatives, at the july term, 1828, of the Circuit court. But the clerk omitted to notice, on his order book, the filing of the bill; and the court ordered, that unless Brazelton’s representatives should be made .parties, the bill should be dismissed at the next term. Accordingly, nothing further havi ng been done, at the next term the bill was dismissed without prejudice, with costs and damages.
The depositions create a strong probability, that Brazelton was justly indebted to Daviess, as charged in the bill, and that lie had become insolvent. But there is-neither allegation nor proof that would justify the set-off. The set-off might be equitable, if there had been any connexion between the demands; or if Brazelton had removed from the state, or become insolvent, before the assignment to Caldwell. But equities arising between obligor and assignor, after the assignment, cannot avail against the assignee. Wherefore, and especially, as it appears that Daviess was negligent, in failing to -procure an order toad vertise, at the July term, 1828, for making proper parties, we cannot decide that the circuit court abused a sound discretion, in dismissing the bill without prejudice.
-But the decree for damages,in gross, is erroneous; neither the decree nor record furnishes the data for ascertaining their amount.
Wherefore, the decree dismissing the bill is affirmed, but the decree for damages reversed, and the cause remanded for a specific decree for damages to he entered. There will be no decree for costs in this court.